**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| TODD SWEEET, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 4:07-CV-1926 CAS |
| v. | ) |
| | ) |
| STEVE LEWIS, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the application of plaintiff Todd Sweet, an inmate at the Eastern Reception Diagnostic and Correctional Center for leave to commence this action without payment of required filing fee. [Doc. 2]. For the reasons stated below, the Court will allow plaintiff to proceed without paying the initial filing fee. Furthermore, after reviewing the complaint, the Court will dismiss the complaint and accordingly, dismiss plaintiff's motion for appointment of counsel as moot.

*28 U.S.C. § 1915(b)(1)*

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C.

§ 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff states he is without sufficient funds to pay the docketing fees in this case. As for the certified copy of plaintiff's prisoner account, plaintiff maintains that despite his efforts he has been unable to obtain a trust fund account statement from either the St. Louis County Justice Services or the Missouri Department of Corrections. He has filed a pro se motion to proceed without an inmate account statement. In light of the facts of this case, the Court will grant plaintiff's pro se motion and will not assess an initial partial filing fee at this time.

## *28 U.S.C. § 1915(e)*

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

*The Complaint*

Plaintiff, an inmate at the Eastern Reception Diagnostic and Correctional Center, seeks monetary and injunctive in this 42 U.S.C. § 1983 action against defendants Steve Lewis (Assistant Public Defender of the St. Louis County Public Defender's Office), Laura O'Sullivan ("District Defender"), and J. Marty Robinson (Director, Missouri Public Defender's Office). Plaintiff alleges defendant Lewis negligently represented him in an underlying state criminal matter; that defendant O'Sullivan is Lewis's supervisor and has done nothing to help plaintiff; and that defendant Robinson is "ultimately responsible for the conduct of [Lewis and O'Sullivan]."

Having carefully reviewed plaintiff's allegations, the Court concludes that the complaint is legally frivolous, because public defenders performing lawyers' traditional functions do not act under color of state law for purposes of § 1983. See Polk County v. Dodson, 454 U.S. 312, 325 (1981). Moreover, liability under the theory of respondeat superior is inapplicable in § 1983 suits. Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis is **GRANTED.** [Doc. 2]

**IT IS FURTHER ORDERED** that plaintiff's motion to proceed without the necessity of filing an inmate account statement is **GRANTED**. [Doc. 6]. No initial partial filing fee shall be assessed against plaintiff at this time.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED** as moot. [Doc. 3]

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order of dismissal shall accompany this order and memorandum.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 16th day of January, 2008.